1 **WO**                                                                                                          RP

6 **IN THE UNITED STATES DISTRICT COURT**
7 **FOR THE DISTRICT OF ARIZONA**

9  Mark Hartvigsen,                                  )   No. CV 08-408-PHX-MHM (MEA)
                                                     )
10                  Petitioner,                      )   **ORDER**
                                                     )
11  vs.                                              )
                                                     )
12                                                   )
    Bruno Stolc,                                     )
13                                                   )
                    Respondent.                      )
14                                                   )
                                                     )
15

16       Petitioner Mark Hartvigsen, who is confined in the Red Rock Correctional Center
17 (RRCC) in Eloy, Arizona, has filed a *pro se* "Petition For Writ Of Habeas Corpus By A
18 Person In State Custody Pursuant To 28 U.S.C. § 2254 (Non-Death Penalty)" (Doc. #1). The
19 $5.00 filing fee has been paid. Petitioner has also filed a "Motion For Restraining Order"
20 (Doc. #3) and a "Motion To Apply Established Procedures" (Doc. #4). The Court will
21 transfer this action to the District of Alaska pursuant to 28 U.S.C. § 1404(a) and deny
22 Petitioner's Motions.

23 **I.     Petition**

24       Named as Respondent in the Petition is Bruno Stolc, Warden of RRCC.

25       In his Petition, Petitioner alleges that a judgment of conviction was entered against
26 him on August 22, 1991, for second-degree escape and first-degree kidnapping, in the
27 Superior Court for the State of Alaska in Kenai, Alaska, in matter #3KN-S90-734CR.

1 Petitioner further alleges that he was sentenced to a 21-year composite term of imprisonment, to be served consecutively with his sentence in matter #3KN-S89-174CR.

## II. Habeas Relief

In Ground I, Petitioner asserts that he was denied his Fourteenth Amendment due process rights when he was denied the right to appeal. In Ground II, Petitioner asserts that he is entitled to release from RRCC because it is a private prison facility outside Alaska, where he was convicted and sentenced, and that his continued confinement therein violates his Fourteenth Amendment due process rights.

Title 28 U.S.C. § 2254(a) provides that a court "shall entertain" a habeas application of a person "in custody pursuant to the judgment of a State court . . . ." The Court first assesses whether Petitioner is "in custody pursuant to a State court judgment." "The majority view of the circuits that have analyzed [the issue have treated] this clause as directing a status inquiry into the source of the petitioner's custody, and not an inquiry into the target of the petitioner's challenge." White v. Lambert, 370 F.3d 1002, 1007-1008 (9th Cir. 2004) (citing Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000)). Although Petitioner is challenging the execution of his sentence, he is in custody pursuant to an Alaska state court judgment; therefore, his exclusive avenue for habeas relief is § 2254. White, 370 F.3d at 1009-1010.

## III. Transfer of Venue

A district court may transfer "any civil action to any other district or division where it might have been brought" for the convenience of the parties and witnesses or in the interest of justice. 28 U.S.C. § 1404(a). The decision to transfer under § 1404(a) lies within the discretion of the district court and should be determined based upon notions of convenience and fairness on a case-by-case basis. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

### A. This Action Could Have Been Brought in the District of Alaska

Jurisdiction to hear a habeas corpus petition lies in any district court having jurisdiction over the petitioner's custodian. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973) (construing 28 U.S.C. § 2241(a)). A district court can

1    issue a habeas writ "within its jurisdiction" so long as the custodian can be reached by
2    service of process. Id. In amending the habeas corpus statutes, Congress has indicated that
3    a habeas case should be "resolved in the court which originally imposed the confinement or
4    in the court located nearest the site of the underlying controversy." Id. at 497 (citing H. R.
5    Rep. No. 1894, 89th Cong., 2d Sess. (1966); S. Rep. No. 1502, 89th Cong., 2d Sess. (1966)
6    U.S. Code Cong. & Admin. News 1966, p. 2968; and United States v. Hayman, 342 U.S. 205
7    (1952)).

8        In this case, Petitioner challenges, among other things, the decision to transfer him to
9    Arizona to serve his sentence in a private prison operated by a for-profit company. That
10   decision was made by the Alaska Department of Corrections. Therefore, this § 2254 action
11   could have originally been brought in the District of Alaska. Cf. White, 370 F.3d at 1010
12   (the decision regarding the execution of sentence originated in the state of conviction by that
13   state's department of corrections).

14       **B.   Convenience of the Parties and Witnesses and Interests of Justice**

15       Both the convenience of the parties and witnesses and the interests of justice will best
16   be served by transferring this case to the District of Alaska. It is in Alaska where the
17   decision to transfer Petitioner to Arizona was made and where relevant records and witnesses
18   are likely to be found. See Braden, 410 U.S. at 493-94. Moreover, before any federal court
19   could reach the merits of this case, it would first have to resolve the threshold issue of
20   whether Petitioner has exhausted his state court remedies; a federal court in the District of
21   Alaska will be more familiar with that State's laws and procedures. See id. at 499. Further,
22   the State of Arizona has no interest in the subject matter of this case, whereas the State of
23   Alaska has a strong interest in the subject matter. See Lou v. Belzberg, 834 F.2d 730, 739
24   (9th Cir. 1987) (a litigant's choice of forum is entitled to only minimal consideration "if the
25   operative facts have not occurred within the forum and the forum has no interest in the
26   parties or the subject matter").

27
28

**IV.  Motions**

    **A.  Motion for Restraining Order**

On March 6, 2008, Petitioner filed a "Motion For Restraining Order" (Doc. #3), in which he seeks to enjoin Respondent Stolc or any agent or employee of Respondent, or the Corrections Corporation of America (CCA), or RRCC, from surrendering custody of Petitioner to any third party, particularly officials or agencies of the states of Arizona or Alaska.  A temporary restraining order without notice may be granted *only* if the applicant certifies to the court in writing the efforts, if any, that he made to give notice and the reasons that notice should not be required.  Fed. R. Civ. P. 65(b).  Further, "[n]o preliminary injunction shall be issued without notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).

Respondent has not been served with the Petition or a copy of the Motion, nor has Petitioner certified to the Court in writing the efforts he has made to give notice to Respondent or reasons why notice should not be required.  On these facts, Petitioner's Motion will be denied.

    **B.  Motion to Apply Established Procedures**

On April 15, 2008, Petitioner filed a "Motion To Apply Established Procedures" (Doc. #4) (Motion to Apply).  Petitioner appears to believe that the disposition of this matter has been referred to a Magistrate Judge.  The Local Rules of Civil Procedure for this District provide for habeas petitions to be referred to a Magistrate Judge for preparation of a report and recommendation, which is then adopted, modified or rejected by the District Judge.  Because this matter is being transferred to the District of Alaska, however, it will not be referred to a Magistrate Judge.  Accordingly, Petitioner's Motion to Apply will be denied as moot.

**IT IS ORDERED**:

    (1)  Petitioner's "Motion For Restraining Order" (Doc. #3) is **denied**.

    (2)  Petitioner's "Motion To Apply Established Procedures" (Doc. #4) is **denied as moot**.

1      (3)    The Petition (Doc. #1) and this action are **transferred** to the United States District Court for the District of Alaska pursuant to 28 U.S.C. § 1404(a).

(4)    The Clerk of the Court **must transfer** this action forthwith.

DATED this 19th day of June, 2008.

_____
Mary H. Murguia
United States District Judge

- 5 -